WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Oger Rodriguez, | No. CV-14-00699-PHX-DJH (ESW) |
| Plaintiff, | **ORDER** |
| v. | |
| Mesa, City of, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's "Motion Absence of Leave to Amend Original Complaint" (Doc. 27) and Defendants' Opposition to Plaintiff's Motion Absence of Leave to Amend Original Complaint (Doc. 28). Pursuant to LRCiv 7.2(d), the time to file a reply has expired. The matter is deemed submitted for decision.

## Procedural History

Plaintiff is confined in the Arizona State Prison Complex-Lewis and filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1). The Court screened the Complaint pursuant to 28 U.S.C. § 1915A(a), and Defendants Hermes and Trentz were ordered to respond to Count One (Doc. 8). Defendants Hermes and Trentz were timely served and filed an Answer (Doc. 16). The Court thereafter issued its Order (Doc. 19) requiring that "[m]otions to amend the complaint and to join additional parties shall be filed no later than March 31, 2015." (*Id*. at 4). Plaintiff filed a First Amended Complaint (Doc. 22), which the Court struck by an Order issued on June 23, 2015 (Doc. 26).

**Standard of Review**

Plaintiff now seeks leave to amend to add additional defendants, counts, and issues (Doc. 27 at 2). However, Plaintiff has failed to comply with LRCiv 15.1(a). LRCiv 15.1(a) provides in pertinent part that "[a] party who moves for leave to amend a pleading must attach a copy of the proposed amended pleading as an exhibit to the motion, which must indicate in what respect it differs from the pleading which it amends, by bracketing or striking through the text to be deleted and underlining the text to be added." A district court's local rules are not petty requirements, but have "the force of law." *Hollingsworth v. Perry*, 558 U.S. 183, 191 (2010) (citation omitted). The District Court of Arizona routinely denies amendment motions for failure to comply with LRCiv 15.1(a). *See, e.g., Bivins v. Ryan*, 2013 WL 321847, at *4 (D. Ariz. Jan. 28, 2013); *J-Hanna v. Tucson Dodge Inc.*, 2012 WL 1957832, at *1 (D. Ariz. May 31, 2012); *Huminski v. Heretia*, 2011 WL 2910536, at *1 (D. Ariz. July 18, 2011).

Here, Plaintiff does not attach a copy of the proposed amended complaint, instead weaving new counts and people into the argument of his motion. Even if the Court were to consider the motion to be the proposed amended complaint, the Court is not instructed by brackets, strikes, or underlining how the proposed amended complaint differs from the original Complaint. Though the Court previously has instructed the Plaintiff regarding the requirements of LRCiv 15.1(a) in its Order filed on June 23, 2015 (Doc. 26 at 2-3), the Plaintiff fails to comply with LRCiv 15.1(a).

In addition, Plaintiff's Motion (Doc. 27) is untimely filed pursuant to the Order of the Court issued on February 6, 2015 (Doc. 19 at 4). Any motions to amend pleadings were required to be filed no later than March 31, 2015. Plaintiff has not set forth good cause for his untimely filing. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) ("party seeking to amend a pleading after date specified in scheduling order must first show 'good cause' for amendment under Rule 16(b), then, if 'good cause' be shown, the party must demonstrate that amendment was proper under Rule 15") (quoting *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987)).

## Conclusion

Therefore,

**IT IS ORDERED** denying without prejudice Plaintiff's "Motion Absence of Leave to Amend Original Complaint" (Doc. 27).

Dated this 11th day of September, 2015.

Honorable Eileen S. Willett
United States Magistrate Judge